**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VELOXIS PHARMACEUTICALS, INC., | ) | |
| Plaintiff, | ) | |
| -v.- | ) | Civil Action No. 14-cv-2126 (RBW) |
| UNITED STATES FOOD AND DRUG ADMINISTRATION, *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR EXPEDITED RULING ON**
**PENDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Veloxis Pharmaceuticals, Inc. ("Veloxis") respectfully moves this Court for an expedited ruling on the pending cross-motions for summary judgment, which are fully briefed and ripe for decision. Veloxis appreciates that the Court has indicated its intent to issue a ruling on or before the scheduled June 12, 2015 status hearing.[1] For the reasons set forth below, however, Veloxis respectfully requests that the Court consider entering a minute order reflecting its decision as soon as possible to alleviate the financial harm caused to Veloxis while Envarsus XR™ remains off the market, and thereafter issue its formal legal opinion in due course.[2]

---

1 Pursuant to Local Civil Rule 7(m), Veloxis has consulted with counsel for Defendants, who oppose this motion.

2 This motion discusses the ongoing harm to Veloxis and kidney transplant patients for the sole purpose of supporting Veloxis's request for an expedited ruling. As noted in Veloxis's Reply Memorandum in Support of Summary Judgment, the Court's ability to grant the permanent injunction Veloxis seeks at the summary judgment stage is not dependent upon a showing of irreparable harm. (*See* Reply at 25.) Indeed, courts in this District frequently grant such injunctive relief – in the form of an order requiring FDA to approve a drug – on a motion for

*(cont'd)*

The procedural and administrative posture of this case is such that the entry of an order, regardless of which party prevails, will facilitate Veloxis's ability to seek final approval for Envarsus XR. An order in Veloxis's favor will direct the immediate final approval of Envarsus XR for *de novo* and conversion patients. An order in FDA's favor will enable Veloxis to pursue FDA approval for the more limited conversion label without jeopardizing its ability to pursue judicial relief in this action. Simply stated, until this case is decided, Veloxis remains in limbo, effectively forestalled from seeking approval of Envarsus XR – even for the conversion patient population that FDA concedes is not blocked by exclusivity granted to another drug. This conundrum was created by FDA's failure to act on Veloxis's request to employ one of two regulatory pathways that would permit the agency to approve the conversion label now without affecting either party's interest in the litigation. Accordingly, the timing for Envarsus XR's entry into the market – whether for *de novo* and conversion kidney transplant patients or solely for conversion patients – is dependent upon the Court's ruling on the summary judgment motions.

As the Court is aware, this case has always been about time. Envarsus XR, by all accounts, is a unique tacrolimus product, which demonstrates meaningful clinical differences from other available products. (Polvino Decl. ¶ 2.) Transplant patients and their physicians are in critical need of access to new products to be added to the therapeutic armamentarium in this underserved space. (*Id.*) On December 17, 2014 – immediately after filing its complaint in this action – Veloxis filed a motion for a preliminary injunction seeking an order requiring FDA to

---

*(cont'd from previous page)*

summary judgment where a prior motion for preliminary injunction has been denied without prejudice. (*Id.*) (*See, e.g.*, *Watson Labs., Inc. v. Sebelius*, No. 12-1344 (ABJ), 2012 WL 6968224 (D.D.C. Oct. 22, 2012); *see also Pharm. Research & Mfrs. of Am. v. HHS*, No. 13-1501, 2014 WL 2171089 (D.D.C. May 23, 2014) (granting motion for summary judgment and issuing injunctive relief where motion for summary judgment did not address factors supporting injunctive relief).)

comply with its statutory mandate and grant immediate final approval to the NDA for Envarsus XR™. (Dkt. 7.) In its motion for preliminary injunction and supporting declarations, Veloxis explained, among other things, that it had anticipated receiving final approval of Envarsus XR in October 2014, and was prepared to launch the drug in January 2015. (*Id.* at 38-39.) Given the attendant expenditure of resources, Veloxis explained, it would suffer irreparable harm in the absence of preliminary injunctive relief because it is a small, research-based pharmaceutical company and Envarsus XR is its ***only*** revenue generating product. (*Id.*) In particular, Veloxis explained that the value of the company declined by approximately $300 million dollars immediately after FDA's October 30, 2014 Tentative Approval decision. (Polvino PI Decl. ¶ 24; Polvino Decl. ¶ 12.) In the interest of speeding an ultimate resolution on the merits, Veloxis simultaneously filed a motion for consolidation pursuant to Federal Rule of Civil Procedure 65(a)(2). *See generally Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834 (1981) (stating that when "an expedited decision on the merits [is] appropriate, Rule 65 (a)(2) of the Federal Rules of Civil Procedure provides a means of securing one").

On December 18, 2014, the Court denied Veloxis's motion for preliminary injunction without prejudice in light of Defendants' Motion to Stay Proceedings Pending Final Agency Action. (Dkt. 6.) Consistent with the focus on a prompt resolution, the Court's Order scheduled a status hearing in the matter on January 14, 2015 – two days after the FDA was "to issue a final decision regarding the matter at hand" (*id.* at 1) – and advised the parties that "they should prepare as if the Court will order an expedited briefing schedule." (Dkt. 9 at n.1.) During the January 14, 2015 status hearing, the Court entered a Joint Proposed Scheduling Order, which set an expedited schedule and required all briefing in the case to be completed by March 3,

2015.[3] (Dkts. 13, 14.) The Court also scheduled a status hearing for June 12, 2015 and indicated that it intended to decide the matter on or before that date.

Veloxis hoped that, in light of FDA's January 12, 2015 decision letter, it would be able to secure FDA's prompt review and approval of Envarsus XR for use by kidney transplant patients converting from an immediate-release formulation of tacrolimus. (Polvino Decl. ¶ 4.) In this regard, FDA concluded that there is no basis upon which to block immediate approval of Envarsus XR for use by conversion patients. (*Id.* at ¶ 3, 4.) Veloxis believed that, if it could obtain immediate approval of Envarsus XR for conversion patients, it would be able to sustain operations without significant harm to the company while the Court considered its decision on the merits. (*Id.* at ¶ 4.) Equally significant for Veloxis, a substantial proportion of kidney transplant patients would gain access to Envarsus XR, with its unique clinical profile, while Veloxis continued to seek access for all kidney transplant patients. (*Id.* at ¶ 4, 16)

Toward this end, on January 21, 2015, Veloxis requested that FDA take one of two regulatory pathways that would permit it to consider the conversion label while the full label remains pending. (Polvino Decl., Ex. A; Polvino Decl. ¶ 5.) Veloxis understands that FDA employs one of the proposed pathways, an administrative split of an NDA, routinely in situations where an NDA seeks approval for more than one indication. (Polvino Decl. ¶ 5.) For instance, FDA administratively split the NDA for Astagraf XL® into three NDAs covering three different indications. (*Id.*) Notwithstanding Veloxis's repeated requests for FDA to administratively split the Veloxis NDA in order to permit Veloxis to seek immediate final approval for conversion

---

3 As directed by the Court, the parties completed substantive briefing pursuant to the established schedule. On March 17, 2015, Veloxis filed the Joint Appendix reflecting portions of the administrative record cited or otherwise relied upon by the parties. Accordingly, briefing on the parties' cross-motions for summary judgment is now complete.

patients, FDA has failed to act, noting only that the request is under consideration. (Polvino Decl. ¶ 9; Polvino Decl., Ex. B.) To date, FDA has adopted the posture that Veloxis must withdraw the full label currently pending before FDA and substitute a revised label for the conversion population, requiring dismissal of the issues currently before the Court. (Polvino Decl. ¶ 9.) In sum, FDA is using the regulatory process to advance its litigation strategy.

As set forth in the attached declaration of Dr. William J. Polvino, Veloxis's President and Chief Executive Officer, Envarsus XR is Veloxis's only prospective revenue generating product. (*Id.* at ¶ 10.) As a result, Veloxis, valued at nearly $600 million prior to FDA's October 30, 2014 Tentative Approval decision, now has lost approximately two-thirds – or roughly $400 million – of its value. (*Id.* at ¶ 12, 13.) In its most recent public reporting of financial results, Veloxis disclosed that by year-end the Company would only have approximately $10 million in remaining funds on hand to address an annual spending rate of approximately $35-40 million. (*Id.* at ¶ 13.) This announcement resulted in an immediate, precipitous decline in Veloxis's share price of approximately 20%. (*Id.* at ¶ 13.) In response, Veloxis was forced to terminate plans for two of the clinical research studies it planned to conduct with Envarsus XR. (*Id.* at ¶ 14.) Veloxis anticipates that additional cutbacks may be required if the Company cannot secure a source of incoming revenue through Envarsus XR's market approval. (*Id.*)

Simply put, with each passing month that Envarsus XR is not finally approved by FDA, Veloxis suffers additional financial harm. (*Id.* at ¶ 11.) Veloxis's investors have been required to consider the infusion of further capital in order to maintain its viability. (*Id.* at ¶ 14.) The three-month period between completion of summary judgment briefing and the anticipated

decision by the Court will result in operating expenditures of approximately $10 million without offsetting revenue. (*Id.* at ¶ 13.)

In light of FDA's failure to adopt one of at least two regulatory pathways that would permit it to consider the conversion label while the full label remains pending and while the Court reaches a decision on the merits, and in view of the continuing financial harm to Veloxis, we respectfully request that the Court, upon reaching a conclusion as to which party will prevail in this action, issue a minute order reflecting its decision and thereafter file its reasoned decision in due course. The entry of a minute order in Veloxis's favor will direct the immediate final approval of Envarsus XR for *de novo* and conversion patients. An entry of a minute order in FDA's favor will enable Veloxis to submit a conversion label to FDA for review without fear of causing the dismissal of this litigation. Veloxis appreciates the heavy case load of the Court and the attendant burden. The extraordinary relief sought here, however, is warranted by the circumstances. Any relief the Court may fashion to mitigate the financial harm to Veloxis and facilitate patient access to a new and clinically different treatment option would be both meaningful and greatly appreciated.

Dated: March 26, 2015

Respectfully submitted,
/s/ Mitchell S. Ettinger

Jennifer L. Bragg (D.C. Bar No. 488946)
Mitchell S. Ettinger (D.C. Bar No. 415451)
Lauryn K. Fraas (D.C. Bar No. 984887)
Colin V. Ram (D.C. Bar No. 989848)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7000 (tel.)
(202) 393-5760 (fax)

Maya P. Florence (D.C. Bar No. 986139)

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
500 Boylston Street
Boston, MA 02116
(617) 573-4800 (tel.)
(617) 573-4822 (fax)

*Attorneys for Plaintiff Veloxis Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2015, I caused a true and correct copy of the above-entitled Plaintiff's Motion for Expedited Ruling on Pending Cross-Motions for Summary Judgment, with attachments, to be served via first-class mail to:

Heide L. Herrmann
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box. 386
Washington, D.C. 20044
Tel: (202) 532-4882
Heide.Herrmann@usdoj.gov

*Attorney for Defendants*

Dated: March 26, 2015

/s/ Mitchell S. Ettinger
MITCHELL S. ETTINGER (D.C. Bar No. 415451)

*Attorney for Plaintiff Veloxis Pharmaceuticals, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| VELOXIS PHARMACEUTICALS, INC., Plaintiff, | ) | |
| -v.- | ) | Civil Action No. 14-cv-2126 (RBW) |
| UNITED STATES FOOD AND DRUG ADMINISTRATION, *et al.*, Defendants. | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED RULING ON PENDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Upon consideration of the Motion for Expedited Ruling on Pending Cross-Motions for Summary Judgment filed by Plaintiff Veloxis Pharmaceuticals, Inc. ("Veloxis"), it is hereby

**ORDERED** that Veloxis's Motion for Expedited Ruling on Pending Cross-Motions for Summary Judgment is **GRANTED**.

SO ORDERED this __ day of __________, 2015.

_______________________________
REGGIE B. WALTON
United States District Judge